IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIEZER ALMANZAR,  :  Petitioner  :  :  v.  :  :  WARDEN OF SCI  :  FAYETTE, *et al.*,  :  Respondents  :  : | No. 1:21-cv-191  (Judge Rambo) |

**MEMORANDUM**

Presently before the court are *pro se* Petitioner Eliezer Almanzar ("Almanzar")'s petition for writ of habeas corpus under 28 U.S.C. § 2254 and Almanzar's motion to expand the record. For the reasons that follow, the petition will be denied with prejudice, and the motion to expand the record will be denied.

**I.   Background and Procedural History**

On December 29, 2014, Almanzar was convicted of one count of involuntary deviate sexual intercourse with a child, one count of aggravated indecent assault of a child, and one count of corruption of minors following a jury trial in the York County Court of Common Pleas. *Commonwealth v. Almanzar*, No. 1049 MDA 2015, 2016 WL 4877257, at *1 (Pa. Super. Ct. July 20, 2016). Almanzar's conviction arose from an incident involving the four-year-old daughter of Almanzar's then-girlfriend on September 7, 2013. *Id.* The record reflected that on that date, Almanzar had made arrangements with his girlfriend to pick up the

victim at her babysitter's home, take the victim out to eat, and take her to a movie. *Id.* After Almanzar picked the victim up from the babysitter's home, he took the victim to his home. *Id.* While in his home, Almanzar took the victim to his bedroom, removed her pants and underwear, and licked her vagina. *Id.* Almanzar subsequently instructed the victim not to tell her mother what he had done. *Id.* He then took the victim to a McDonald's restaurant for a Happy Meal and then took her out for ice cream. *Id.* The next day, the victim told her mother that Almanzar had licked her vagina and the victim's mother immediately called the police and took the victim to a hospital emergency room. *Id.* Shortly after the victim reported the incident, Almanzar was questioned by police, and during the questioning, he confessed to committing the crime. *Id.* at *4.

Evidence at trial included the testimony of the victim and the victim's mother as well as evidence of Almanzar's confession. *Id.* at *1-2. Almanzar's trial counsel attempted to introduce text messages between him and the victim's mother shortly after the incident that indicated that the victim's mother initially believed that Almanzar was innocent in an effort to undermine the credibility of the mother's testimony. *Commonwealth v. Almanzar*, 239 A.3d 124 (tbl.), No. 1100 MDA 2019, 2020 WL 4386789, at *2 (Pa. Super. Ct. July 31, 2020). Almanzar was convicted and sentenced to a term of imprisonment of six to twelve years. *Almanzar*, 2016 WL 4877257, at *1.

Almanzar filed a direct appeal to the Pennsylvania Superior Court, arguing that he could not be convicted of involuntary deviate sexual intercourse because there was no evidence of penetration and that the trial court erred by not suppressing his confession. *Id.* at *2. The Superior Court affirmed the judgment of sentence on July 20, 2016. *Id.* at *5. Almanzar filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on April 25, 2017. *Commonwealth v. Almanzar*, 168 A.3d 1275 (tbl.) (Pa. 2017).

On October 3, 2017, Almanzar sought collateral review of his conviction and sentence through the filing of a petition under Pennsylvania's Post-Conviction Relief Act ("PCRA"). *Almanzar*, 2020 WL 4386789, at *1. The Court of Common Pleas denied the petition on April 26, 2019, and Almanzar appealed to the Superior Court. *Id.* Almanzar raised two issues on appeal: (1) whether trial counsel was ineffective for failing to authenticate the text messages between Almanzar and the victim's mother and (2) whether trial counsel was ineffective for failing to present a defense theory that Almanzar's actions arose from a good faith effort to clean the relevant area of the victim's body.[1] *Id.* at *2. The Superior Court affirmed the denial of PCRA relief on July 31, 2020, concluding that

---

[1] This argument was based on the language of 18 Pa.C.S. § 3125(a), which defines aggravated indecent assault in relevant part as "penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose *other than good faith medical, hygienic or law enforcement procedures*. . . ." 18 Pa.C.S. § 3125(a) (emphasis added).

Almanzar had not established that any purported ineffectiveness had caused him any prejudice. *Id.* at *3. Almanzar did not appeal to the Pennsylvania Supreme Court.

Almanzar filed the instant petition for writ of habeas corpus on February 3, 2021, raising the same claims that he raised before the Superior Court on appeal from the denial of his PCRA petition. (Doc. No. 1.) On July 30, 2021, he filed a motion to extend the record, seeking to add to the record the T-Mobile phone records associated with the text messages between him and the victim's mother. (Doc. No. 13.) Respondents responded to the petition on October 15, 2021, and Almanzar filed a reply brief on November 5, 2021, making the petition ripe for the court's disposition. (Doc. Nos. 18, 20.)

## II.    Discussion

### A.    Almanzar's Petition

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which sets standards for the review of habeas corpus petitions brought by state prisoners. AEDPA states in relevant part:

> **(d)** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

4

>**(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The standard for obtaining habeas corpus relief under AEDPA is "difficult to meet." *Mays v. Hines*, 592 U.S. __, 141 S. Ct. 1145, 1149 (2021) (quoting *Harrington v. Richter*, 562 U.S. 86, 102 (2011)).  Federal habeas corpus relief is meant to guard against "extreme malfunctions in the state criminal justice systems" and is not meant to substitute for "ordinary error correction through appeal." *Harrington*, 562 U.S. at 102-03 (citing *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J. concurring in judgment)).  "Federal habeas courts must defer to reasonable state-court decisions," *Dunn v. Reeves*, 594 U.S. __, 141 S. Ct. 2405, 2407 (2021), and may only issue a writ of habeas corpus when the state court's decision "was so lacking in justification" that its error was "beyond any possibility for fairminded disagreement." *Mays*, 141 S. Ct. at 1149 (quoting *Harrington*, 562 U.S. at 102).

Here, Almanzar asserts that his trial counsel provided ineffective assistance of counsel by failing to authenticate the text messages between him and the victim's mother and by failing to advance a hygiene defense.  (Doc. No. 1.)  To obtain habeas corpus relief based on ineffective assistance of counsel, a petitioner must show (1) that counsel's representation fell below an objective standard of

5

reasonableness and (2) that counsel's deficient performance caused prejudice to the petitioner. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The court's analysis as to whether counsel's performance was deficient must be "highly deferential" to counsel, and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

The court's analysis is "doubly deferential" when a state court has already decided that counsel's performance was adequate. *Dunn*, 141 S. Ct. at 2410. The court must apply a high level of deference both to counsel's actions and to the state court's determination that counsel's actions were constitutionally adequate. *Id.*; *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citing *Yarborough v. Gentry*, 540 U.S. 1, 5-6 (2003)). The federal court may only grant habeas corpus relief if "*every* 'fairminded jurist' would agree that *every* reasonable lawyer would have made a different decision." *Dunn*, 141 S. Ct. at 2411 (emphasis in original) (quoting *Harrington*, 562 U.S. at 101).

The Superior Court addressed both of Almanzar's ineffective assistance of counsel claims on appeal from the denial of his PCRA petition. *See Almanzar*, 2020 WL 4386789, at *3. The court concluded that any ineffectiveness by counsel did not prejudice Almanzar. *Id.* at *3. The court noted that Almanzar confessed to committing the crimes at issue, and reasoned that "failing to authenticate and

present text messages between Appellant and the victim's mother following the incident, in an effort to undermine the witness' credibility, and failing to present a hygiene defense would not have changed the outcome of the case." *Id.*

The court finds that the Superior Court's decision regarding Almanzar's ineffective assistance of counsel claims was reasonable and conformed to clearly established law as to what a petitioner must establish to succeed on an ineffective assistance of counsel claim.  *See Strickland*, 466 U.S. at 687.  In light of the fact that Almanzar had confessed to the crimes at issue and that the victim and her mother testified to the facts of the case in a way that corroborated Almanzar's confession, the court finds that it was reasonable to conclude that any ineffectiveness by counsel would not have altered the outcome of the case. Accordingly, because Almanzar has not established prejudice, the court will deny his petition for writ of habeas corpus.

### B. Almanzar's Motion to Extend the Record Will Be Denied

Having determined that the Superior Court's decision regarding Almanzar's claims was reasonable and not contrary to clearly established federal law, the court will also deny Almanzar's motion to expand the record.  In the motion, Almanzar seeks to expand the record of this case to include the phone records pertaining to the text messages between Almanzar and the victim's mother.  (Doc. No. 13.)  The decision of whether to expand the record in a § 2254 habeas corpus case is left to

the sound discretion of the district court. *See* Rule 7, Rules Governing § 2254 Cases, *Flamer v. State of Delaware*, 68 F.3d 710, 735 (3d Cir. 1995). In this case, Almanzar has not explained why the phone records pertaining to the text messages between him and the victim's mother would help to establish his ineffective assistance of counsel claim. The text of the messages has already been provided to the court by both parties, and it does not appear to the court that having additional phone records pertaining to the messages would be relevant to Almanzar's claims. Accordingly, the court will exercise its discretion and deny Almanzar's motion to expand the record of the case.

### III. Conclusion

For the foregoing reasons, Almanzar's petition for writ of habeas corpus is denied with prejudice. A certificate of appealability will not issue because no reasonable jurist would disagree with the court's ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further. *Buck v. Davis*, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). An appropriate order follows.

s/ Sylvia H. Rambo
United States District Judge

Dated: December 29, 2021